# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### (Charlotte Division)

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| **MADISON CONSTRUCTION GROUP, INC.** | ) Case No. 16-32006 |
| | ) |
| Debtor. | ) |

## APPLICATION OF DEBTOR FOR AUTHORITY TO RETAIN AND EMPLOY HAMILTON STEPHENS STEELE + MARTIN, PLLC AS BANKRUPTCY COUNSEL

Madison Construction Group, Inc. (the "Debtor"), the above-captioned debtor and debtor-in-possession, by this application (the "Application"), hereby seeks authority to retain and employ the law firm of Hamilton Stephens Steele + Martin, PLLC ("HSSM"), on a general retainer, as bankruptcy counsel to the Debtor in this chapter 11 case, pursuant to sections 327(a) and 330 under Title 11 of the United States Code, 11 U.S.C. § 101 et seq. (the "Bankruptcy Code"), and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). In support of this Application, the Debtor respectfully represents and states as follows:

### JURISDICTION

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue of this case and this Application in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The statutory predicates for the relief requested herein are sections 327(a) and 330 of the Bankruptcy Code and Bankruptcy Rule 2014.

### BACKGROUND

2. On December 15, 2016 (the "Petition Date") the Debtor filed for Chapter 11 relief (the "Bankruptcy Case") in this Court.

3. The Debtor continues in possession of its properties and the management of its business as a debtor-in-possession, pursuant to sections 1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in this chapter 11 case.

4. The Debtor is a corporation organized under the laws of the state of North Carolina.

5. The Debtor is a full service subcontractor that offers turnkey packages for carpentry, millwork, doors, hardware, and specialty installations. The Debtor's operations are based in Charlotte, but its projects extend across North Carolina and into South Carolina and Tennessee.

**RELIEF REQUESTED**

6. By this Application, the Debtor seeks the authority, pursuant to section 327(a) of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014-1 to retain and employ HSSM under a general retainer as bankruptcy counsel in this chapter 11 case to perform the legal services that will be necessary during the chapter 11 case, effective as of the Petition Date.

7. The Debtor seeks to retain the firm of HSSM as bankruptcy counsel because of HSSM's extensive experience and knowledge in the field of debtors' and creditors' rights and chapter 11 business reorganizations under the Bankruptcy Code as well experience and knowledge in the field of construction law. Additionally, the Debtor submits that HSSM's expertise in, experience in, and knowledge of practicing before this Court will be efficient and cost-effective for the Debtor's estate. The Debtor believes that HSSM is both well qualified and able to represent the estate as bankruptcy counsel in this chapter 11 case in an efficient and timely manner.

8. Subject to Court approval in accordance with section 330(a) of the Bankruptcy Code, compensation will be payable to HSSM on an hourly basis, plus reimbursement of actual,

necessary expenses incurred by the firm. The principal attorneys and paralegals designated to represent the Debtor, and their current standard hourly rates, are:

| | | | |
|---|---|---|---|
| (a) | Glenn C. Thompson | | $425.00 per hour |
| (b) | Melanie D. Johnson Raubach | | $300.00 per hour |
| (c) | Nancy S. Litwak | | $250.00 per hour |
| (d) | Erik M. Rosenwood | | $385.00 per hour |
| (e) | Kelly S. Prokai (paralegal) | | $125.00 per hour |

The hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions. It is likely that the rates of some professionals will adjust upward at the beginning of each calendar year and the bills generated in this case may reflect that adjustment.

9. The hourly rates set forth above are HSSM's standard hourly rates for work of this nature. These rates are set at a level designated to fairly compensate HSSM for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. It is HSSM's policy to charge its clients in all areas of practice for all other expenses incurred in connection with each client's case. The expenses charged to clients include telephone and telecopier toll and other charges, mail and express mail charges, computerized research, special or hand delivery charges, document processing, photocopying charges and to directly bill any excessive large ticket items such as travel expenses, transcription costs, large copy and service jobs, deposition expenses, filing fees advanced and other non-ordinary overhead expenses. HSSM will charge the Debtor for these expenses in a manner and at rates consistent with charges made generally to HSSM's other clients. HSSM believes that it is fair to charge these expenses to the clients incurring them rather than to increase its hourly rates and spread the expenses among all clients.

10. The professional services that HSSM will render to the Debtor include, but shall not be limited to, the following:

{00367866.DOCX V.2 M527.024007;}

3

    (a)    provide legal advice with respect to the powers and duties as debtor-in-possession in the continued operation of its business and management of its properties;

    (b)    negotiate, prepare, and pursue confirmation of a chapter 11 plan and approval of a disclosure statement, and all related reorganization agreements and/or documents;

    (c)    prepare on behalf of the Debtor necessary applications, motions, answers, orders, reports, and other legal papers;

    (d)    appear in Court to protect the interests of the Debtor before the Court; and

    (e)    perform all other legal services for the Debtor which may be necessary and proper in these chapter 11 proceedings.

11.    The Debtor desires to retain HSSM under a general retainer because of the extensive legal services that may be required and the fact that the nature and extent of such services are not known at this time. To the best of the Debtor's knowledge, and except as otherwise disclosed in the annexed affidavit of Melanie Johnson Raubach (the "Raubach Affidavit"), HSSM does not hold or represent any interest adverse to the Debtor's estate, and HSSM is a "disinterested person" as that phrase is defined in section 101(14) of the Bankruptcy Code. HSSM's employment is necessary and in the best interests of the Debtor and its estate.

12.    To the best of the Debtor's knowledge, other than disclosed herein and in the Raubach Affidavit, HSSM has not represented the Debtor's creditors, equity security holders, or any other parties in interest, or its respective attorneys, in any matter relating to the Debtor or its estate. To the best of the Debtor's knowledge, other than disclosed herein and in the Raubach Affidavit, HSSM does not currently represent any creditors of the Debtor in connection with matters wholly unrelated to this chapter 11 case. However, HSSM is conducting a continuing inquiry into any matters that would affect HSSM's disinterested status. In the event additional disclosure is necessary, HSSM shall file a supplemental affidavit setting forth any facts and circumstances relevant thereto.

13. HSSM expressly reserves the right to negotiate, compromise, or restructure payment of approved fees if so agreed by the Debtor and HSSM.

## NOTICE

14. Notice of this Application has been given to (a) the Bankruptcy Administrator for the Western District of North Carolina, (b) the Official Committee of Unsecured Creditors, and (c) those parties requesting notice pursuant to Bankruptcy Rule 2002.

WHEREFORE, the Debtor respectfully requests that the Court authorize the employment and retention of HSSM as bankruptcy counsel for the Debtor in this chapter 11 case and grant such other and further relief as is just and proper.

Dated: January 12, 2017

MADISON CONSTRUCTION GROUP, INC.

By: /s/ *Bonnie Benedum*
Bonnie Benedum

Title: Secretary / Vice President