FILED & JUDGMENT ENTERED
Steven T. Salata

October 26 2017

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

J. Craig Whitley
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### Charlotte Division

In re:                                        )
                                              )    Case No. 16-32006
**Madison Construction Group, Inc.**          )    Chapter 11
                Debtor.                       )

## ORDER

This matter is before the Court on the motion to dismiss or convert filed by the Bankruptcy Administrator and joined by the Internal Revenue Service and creditor Shiel Sexton Company, Inc. (together, the movants). For the reasons stated on the record and as further articulated below, debtor is ordered to file a plan and disclosure statement on or before December 31, 2017. The Bankruptcy Administrator's motion is continued to January 9, 2018.

Debtor is a full service subcontractor that offers turnkey packages for carpentry, millwork, doors, hardware, and specialty installations. Debtor employs twenty three individuals and has projects in North Carolina, South Carolina, and Tennessee. According to debtor, in the years preceding the bankruptcy, it had become entangled in several costly lawsuits. Although it was performing well, debtor was unable to support its ongoing operational cash flow needs, to fund the legal costs associated with the lawsuits, and to satisfy the claims asserted against it in litigation.

1

This bankruptcy was filed on December 15, 2016. In the ten months since, debtor has actively sought to resolve many of the claims asserted in this case; however, it has not filed a plan or disclosure statement.

On September 21, 2017, the Bankruptcy Administrator moved to dismiss or convert the case asserting cause exists under 11 U.S.C. § 1112(b)(4)(E), (F), (J), and (K), namely: (1) debtor violated the Chapter 11 Operating Order [Doc. 12], which requires the debtor to "file a plan of reorganization and disclosure statement within the Exclusive Period set forth in the Bankruptcy Code"[1]; (2) debtor was late in filing its monthly status reports; (3) debtor was delinquent in filing post-petition tax returns and depositing post-petition tax payments; (4) by the date of the hearing, debtor had incurred upward of $5000 in bank overdraft charges; and (5) debtor was delinquent in paying quarterly fees. In addition to these arguments, Shiel Sexton contends that debtor's monthly status reports materially misstate debtor's financial condition due to accounting inconsistencies and that debtor is accruing substantial administrative expenses without any source of payment.

Pursuant to 11 U.S.C. § 1112(b), upon a showing of "cause," a court "shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate." The Code provides an extensive list of circumstances constituting "cause." 11 U.S.C. § 1112(b)(4). Relevant to the matter at hand, these include "failure to comply with an order of the court," "unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter," "failure to file a disclosure statement, or to file or confirm a plan, within the time fixed by this title

---

[1] While debtor previously obtained an extension of the exclusivity period, the extended period lapsed in September 2017.

or by order of the court," and "failure to pay any fees or charges required under chapter 123 of title 28." 11 U.S.C. § 1112(b)(4)(E), (F), (J), and (K). The movant bears the initial burden of demonstrating that cause exists to convert or to dismiss the case. *In re Pittsfield Weaving Co.*, 393 B.R. 271, 274 (Bankr. D.N.H. 2008).

Even upon a finding of cause,[2] a court may not dismiss or convert a case:

> if the court finds and specifically identifies unusual circumstances establishing that converting or dismissing the case is not in the best interests of creditors and the estate, and the debtor or any other party in interest establishes that—
>
> (A) there is a reasonable likelihood that a plan will be confirmed within . . . a reasonable period of time; and
>
> (B) the grounds for converting or dismissing the case include an act or omission of the debtor . . .
>
> > (i) for which there exists a reasonable justification for the act or omission; and
> >
> > (ii) that will be cured within a reasonable period of time fixed by the court.

11 U.S.C. § 1112(b)(2).

At the hearing on this matter, none of the movants presented evidence in support of conversion or dismissal. Instead, they relied on argument and on the monthly status reports filed on the Court's docket. The debtor presented evidence in response to the motion through the testimony of its president, Christopher Mezzanotte.

Mezzanotte testified that many of the issues raised by the Bankruptcy Administrator had been resolved. All the post-petition taxes and quarterly fees have now been paid; the monthly reports are up to date. Additionally, Mezzanotte explained the

---

[2] This subsection does not apply if the cause for converting or dismissal is under 11 U.S.C. § 1112(b)(4)(A) for a "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation." 11 U.S.C. § 1112(b)(2)(B).

steps and procedures the company had implemented to ensure the duties of a Chapter 11 debtor were fulfilled in the future. As far as the prospect of plan confirmation, according to Mezzanotte, negotiations with several potential investors are ongoing and should be concluded by the end of the year. Such an equity infusion would greatly aid the debtor in its efforts to successfully emerge from Chapter 11.

Debtor's primary secured creditor, First National Bank (formerly Yadkin Bank), appeared and opposed conversion or dismissal. None of debtors' other creditors, including its critical vendors, appeared in support of conversion or dismissal.

Having considered the evidence and arguments, the Bankruptcy Administrator's motion cannot be granted at this time:

1. None of the movants presented evidence or satisfied their burden of showing cause for dismissal or conversion.

2. Even if cause existed, this case presents "unusual circumstances" as described by 11 U.S.C. § 1112(b)(2). Debtor is a commercial subcontractor, construction is currently booming in this judicial district, and the payment cycles of the construction business inevitably leads to peaks and valleys in a subcontractor's cash flow.

3. Keeping this case in Chapter 11 is in the best interest of the bankruptcy estate. If converted to Chapter 7, the vast majority of receivables owed would be uncollectable due to the nature of the construction business. The rough estimates given at hearing concerning debtor's assets indicate there would be next to no distributions beyond secured creditors. If dismissed,

creditors would inevitably be left in a race to state court to pick over whatever is left of the company's assets.

4. None of the movants will be harmed by this case remaining in Chapter 11, at least in the short run. The fees and reports requested by the Bankruptcy Administrator have been brought up to date, and post-petition taxes have been paid. Likewise, Shiel Sexton hasn't put forth any evidence showing that its interests are being harmed. In fact, by the end of this case, it may well be proven that Shiel Sexton actually owes the debtor money.

5. All the causes for conversion or dismissal cited by the movants have been rectified with the exception of the alleged violation of the Chapter 11 Operating Order for having failed to file a plan and disclosure statement within the exclusivity period.

In fairness to the Bankruptcy Administrator, the Court's standard operating order entered in this case indeed states that a debtor must file a plan and disclosure statement within the exclusivity period. The Operating Order and that language was originally prepared by the Bankruptcy Administrator many years ago and before the current iteration of Code Section 1112. Speedy confirmation is certainly still a worthy aspiration. However, the Code provides no such requirement, and this provision was never intended to serve as "cause" under Subsection 1112(b)(4)(E) for a party in interest to assert that a debtor was in violation of an order of this Court. For purposes of this case, the debtor is relieved from this particular provision of the Operating Order.

That being said, the Bankruptcy Administrator has a point. This case has been pending for ten months; it's time to either confirm a plan or to pursue alternative relief.

5

Accordingly, debtor is ordered to file a plan and disclosure statement on or before December 31, 2017. The Court will hold a hearing on January 9, 2018, at 10:30 AM at the Charles R. Jonas Federal Courthouse in Charlotte, North Carolina, for a status report and, if necessary, to revisit the issues raised by the Bankruptcy Administrator's motion.

**SO ORDERED.**

This Order has been signed electronically.         United States Bankruptcy Court
The judge's signature and the court's seal
appear at the top of the Order.